## Trust Companies as Executors.

*Trust companies acting as executor—Deposit of funds in own bank.*

Funds received by executors in the course of their administration are trust funds within the meaning of the Act of May 9, 1889, P. L. 159, and must be deposited in a bank other than that acting as executor or co-executor of an estate.

Department of Justice.  Opinion to Hon. Peter G. Cameron, Secretary of Banking.

WAGNER, Dep. Att'y-Gen., June 30, 1927.—You have requested that you be advised whether the funds received by the executors of an estate in the course of the administration of the estate may be deposited in a trust company which is a co-executor of such estate.

It is provided in section 1, clause v, of the Act of May 9, 1889, P. L. 159, that: "The said companies shall keep all trust funds and investments separate and apart from the assets of the companies, and all investments made by the said companies as fiduciaries shall be so designated as that the trust to which such investment shall belong shall be clearly known."

It has been the opinion of this department that the phrase "trust funds," as used in the act just referred to, was intended to receive and should be given a liberal interpretation. Accordingly, it has been held that "trust funds" include all funds received or held by trust companies in a fiduciary capacity, whether as executor, administrator, guardian, trustee or other fiduciary. Funds received by executors in the course of the administration of an estate are "trust funds" to the same extent as funds received by trustees in the administration of a trust and subject in all respects to the provisions of the said Act of May 9, 1889.

The question which you have submitted was the subject of an opinion addressed to the Secretary of Banking by Deputy Attorney-General William Y. C. Anderson, dated May 26, 1926, in which it was held that funds received by executors in the course of the administration of an estate are "trust funds" within the Act of May 9, 1889, supra, and as such were required to be deposited in a banking institution other than one acting as executor or co-executor of the estate. No reason is apparent why the opinion of Deputy Attorney-General Anderson should be modified in any respect. [8 D. & C. 225.]

For a more detailed discussion of the principles involved, you are referred to the opinions of Deputy Attorney-General Bernard J. Myers, dated Aug. 1, 1920 (30 Dist. R. 63), and of Deputy Attorney-General Fred Taylor Pusey, dated June 20, 1922 (2 D. & C. 59).

From C. P. Addams. Harrisburg, Pa.